UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANITA FORD | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.: 23-CV-1361-FB |
| | § | |
| WALMART INC.; WAL-MART STORES | § | |
| TEXAS, LLC d/b/a WAL-MART | § | |
| SUPERCENTER #5145; CP DELLVIEW III | § | |
| GP, LLC; and WAL-MART SUPERCENTER | § | |
| #5145 | § | JURY DEMANDED |

**DEFENDANTS WALMART INC., WAL-MART STORES TEXAS, LLC and WAL-MART SUPERCENTER #5145 FIRST AMENDED ANSWER
TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE FRED BIERY:

NOW COMES Defendants, WALMART INC., WAL-MART STORES TEXAS, LLC and WAL-MART SUPERCENTER #5145 (hereinafter "Walmart") in the above numbered and entitled cause of action, files its First Amended Answer to Plaintiff's Original Petition pursuant to the Federal Rules of Civil Procedure, and in support thereof would respectfully show unto the Court as follows:

**I.   ADMISSIONS AND DENIALS**

1. Unless specifically admitted, Walmart denies all averments in Plaintiff's Original Petition as allowed under Rule 8(b) of the Federal Rules of Civil Procedure.

2. Walmart denies the averments contained within paragraph 1 as to the applicability of the Texas Rules of Civil Procedure.

3. Upon information and believe, Walmart admits the aversions contained within paragraph 2.

4. Walmart denies the averments contained within paragraph 3.

5. Walmart denies the averments contained within paragraph 4.

6. Walmart denies the averments contained within paragraph 5.

7. Walmart denies the averments contained within paragraph 6.

8. Walmart admits the averments contained within paragraph 7.

9. Walmart admits the averments contained within paragraph 8 to the extent that this Court has jurisdiction over it. To the extent not admitted, the request is denied.

10. Walmart admits the averments contained within paragraph 5 to the extent that it believes that this Court has venue over this matter, but denies the averments contained withing paragraph 9 to the extent that it alleges the Texas Civil Practice and Remedies Code gives rise to this Court's venue. To the extent not admitted, the averments are denied.

11. Walmart denies the averments contained within paragraph 10.

12. Walmart denies the averments contained within paragraph 11.

13. Walmart denies the averments contained within paragraph 12.

14. Walmart denies the averments contained within paragraph 13.

15. Walmart denies the averments contained within paragraph 14.

16. Walmart denies the averments contained within paragraph 15.

17. Walmart denies the averments contained within paragraph 16, including subparts A and B.

18. Walmart denies the averments contained within paragraph 17.

19. Walmart denies the averments contained within paragraph 18.

20. Walmart denies the averments contained within paragraph 19.

21. Walmart denies the averments contained within paragraph 20, including subparts A, B, and C.

22. Walmart denies the averments contained within paragraph 21.

23. Walmart denies the averments contained within paragraph 22, including subparts A through J.

24. The averments contained within paragraph 23 do not require admission or denial, however, to the extent necessary, Walmart denies the applicability of the Texas Rules of Civil Procedure to this action.

25. The averments contained in Plaintiff's Prayer do not require admission or denial, however, to the extent necessary, Walmart denies any damages sought by Plaintiff.

## II.    AFFIRMATIVE DEFENSES

26. Pleading further and without waiving the foregoing, Walmart asserts Plaintiff's damages were caused in whole or in part by his own negligence or responsibility. Accordingly, Walmart asserts all rights, privileges and remedies afforded or available to them pursuant to Chapter 33 of the Texas Civil Practices and Remedies Code.

27. Pleading further and without waiving the foregoing, Walmart asserts that the incident in question was proximately caused or solely proximately caused by the negligent and/or wrongful conduct on an unknown third-party, outside the control of Walmart. Accordingly, Walmart asserts all rights, privileges and remedies afforded or available to them pursuant to Chapter 33 of the Texas Civil Practices and Remedies Code.

28. Pleading further and without waiving the foregoing, Walmart asserts all rights, privileges and remedies afforded or available to them pursuant to section 41.0105 of the Texas Civil Practices and Remedies Code. In *Haygood v. De Escabedo* the Supreme Court of Texas held that the restrictions in Section 41.0105 of the Texas Civil Practices and Remedies Code limit evidence that may be presented at trial to those medical expenses that Plaintiff's healthcare providers have a legal right to be paid. *Haygood v. De Escobedo*, 356 S.W.3d 390, 398 (Tex.

2011).  In accordance with the Texas Supreme Court's holding in *Haygood* and the restrictions imposed by Tex. Civ. Pract. and Rem. Code § 41.0105, Sam's Club asserts that Plaintiff's recoverable medical expenses should be limited to those that have been or will be paid by or on behalf of Plaintiff.  *See* Tex. Civ. Prac. & Rem. Code § 41.0105; *Haygood*, 356 S.W.3d at 398.

29. Pleading further and without waiving the foregoing, Walmart asserts that no negligent or wrongful act or omission of any employees of Walmart, while acting within the course and scope of their employment, caused or in any way contributed to the damages allegedly sustained by Plaintiff. Thus, Walmart specifically denies liability of any kind or nature whatsoever.

30. Pleading further and without waiving the foregoing, Walmart invokes its legal right to a reduction of any monetary verdict which may be rendered in this case by credit for payments made to Plaintiff by other persons and/or entities, or by the percentage reductions to Walmart would be entitled as a result of jury findings against Plaintiff, responsible third-parties, or any other persons to entities. Walmart further reserves its right to submit issues against parties who may be present or absent from this case at the time the matter is passed to the jury for fact determinations.

31. Pleading further and without waiving the foregoing, Walmart asserts that the incident and damages complained of are the result of pre-existing and/or subsequent medical conditions or injuries. Accordingly, Walmart asserts all rights, privileges and remedies afforded or available to it pursuant to Chapter 41 of the Texas Civil Practices and Remedies Code.

32. Pleading further and without waiving the foregoing, Walmart asserts that any damages allegedly suffered by Plaintiff as a result of the incident made the basis of this lawsuit, which Walmart expressly denies by the filing of this pleading, were exacerbated by Plaintiff's failure to mitigate said damages.  Accordingly, Walmart asserts all rights, privileges and remedies afforded or available to it pursuant to the Texas Civil Practices and Remedies Code.

33.   Pleading further and without waiving the foregoing, Walmart asserts the limitation on the recovery of damages for loss of earnings and loss of contributions of pecuniary value set forth in section 18.091 of the Texas Civil Practices and Remedies Code.

34.   Pleading further and without waiving the forgoing, Walmart asserts the limitations on exemplary damages set for in § 41.008 of the of the TEXAS CIVIL PRACTICES AND REMEDIES CODE.

35.   Pleading further and without waiving the foregoing, Walmart would show that Plaintiff has failed to provide evidence of gross negligence on the part of Walmart in this matter; specifically she has failed to provide any evidence showing that Walmart was "consciously indifferent" and that the conduct of Walmart "created an extreme degree of risk."

36.   Pleading further and without waiving the foregoing, with respect to Plaintiff's allegations of punitive or exemplary damages, Walmart alleges as follows:

   a.   Plaintiff's claims for punitive or exemplary damages against Walmart must be denied as no allegations have been made against Walmart which would allow for recovery of such claims.

   b.   Plaintiff's claims for punitive or exemplary damages against Walmart cannot be sustained because an award of punitive damages in the case would contravene and violate the Fourteenth Amendment of the Constitution of the United States, which guarantees due process of law and equal protection of the laws; Article 1, Section 3, of the Texas Constitution, which guarantees equal protection of the law; and Article 1, Section 19 of the TEXAS CONSTITUTION, which guarantees due process.

37.   Pleading further and without waiving the foregoing, Defendants specifically reserve the right to amend this Answer, as is their right under the Federal Rules of Civil Procedure.

6 | P a g e

### III. DEFENDANT'S DEMAND FOR JURY TRIAL

38. Pleading further and without waiving the foregoing, to the extent necessary, Walmart renews its demand for a jury trial on all issues brought against it by Plaintiff in this matter.

### IV. PRAYER

WHEREFORE, Defendants pray that Plaintiff take nothing by this lawsuit, and that Defendants be allowed to go hence without delay and recover all of its costs and attorney's fees, and such other and further relief, both special and general, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

DAW & RAY
A LIMITED LIABILITY PARTNERSHIP

*/s/ Elizabeth W. Yancy*
James K. Floyd; SBN: 24047628
Email: jfloyd@dawray.com
Elizabeth W. Yancy; SBN: 24098642
Email: eyancy@dawray.com
14100 San Pedro Avenue, Suite 302
San Antonio, TX 78232
(210) 224-3121 Telephone
(210) 224-3188 Facsimile
**ATTORNEYS FOR DEFENDANTS**

7 | P a g e

## CERTIFICATE OF SERVICE

      The undersigned does hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all known counsel of record in accordance with the FRCP on this the 17st day of June, 2024.

Dustin Brown
STANLEY AND ASSOCIATES, PLLC
2600 K Avenue, Suite 180
Plano, TX 75074

                                                      */s/ Elizabeth W. Yancy*
                                                      Elizabeth W. Yancy